IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MIGUEL TREVINO | § | |
|    FED. I.D. NO. 78119-079 | § | |
| | § | |
| V. | § | C.A. NO. C-06-272 |
| | § | |
| JOE DRIVER | § | |

**ORDER DECLINING TO ADOPT**
**MEMORANDUM AND RECOMMENDATION**
**AND ORDER OF DISMISSAL**

In this habeas corpus action, federal prisoner Miguel Trevino ("Trevino") challenges as unconstitutional the Bureau of Prison's refusal to allow him to participate him in a Residential Drug Abuse Program ("RDAP"), the completion of which could also entitled him to a one-year reduction in his sentence. (D.E. 1). (See 18 U.S.C. § 3621(e)(2)(B)). Respondent moves to dismiss for failure to exhaust administrative remedies. (D.E. 8). Trevino argues that exhaustion would be futile. (D.E. 9).

For the reasons stated herein, Trevino's petition is dismissed for failure to state a claim. Rule 12(b)(6), Fed. R. Civ. P.

**I. JURISDICTION**

The Court has jurisdiction pursuant to 28 U.S.C. § 2241.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On May 15, 1998, Trevino pled guilty to two counts of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) in the United States District Court for the Southern District of Texas, McAllen Division, and was sentenced to 120 months imprisonment in the Bureau of Prisons ("BOP") followed by a four year supervised release term. (See D.E. 7, App. at 4-6). On

1

October 7, 1998, he pled guilty to conspiracy to launder money, a violation of 18 U.S.C. § 371, in the United States District Court for the Southern District of Georgia, and was sentenced to 60 months in the BOP, followed by a three year supervised release term, to be served consecutive to the 120-month sentence. Id. at 11-12. His projected release date is in 2010.

On June 28, 2006, Trevino filed the instant § 2241 petition for relief. (D.E. 1). On August 29, 2006, respondent filed an Answer (D.E. 7) and moved to dismiss Trevino's petition for failure to exhaust administrative remedies, (D.E. 8), pointing out that he had failed to follow the well-established three-tiered BOP system for pursuing administrative claims.[1] Trevino admits that he did not pursue his administrative remedies, but that it would be futile to do so. (D.E. 9, 10). See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (excusing exhaustion where to do so would be "clearly futile").

The magistrate judge recommended that respondent's motion to dismiss be granted, or alternatively, that Trevino's petition be denied for failure to state a claim.[2] (See D.E. 16). The Court declines to adopt the recommendation.

### III. DISCUSSION

**A.    Section 2241.**

---

[1] The BOP provides a three-tiered administrative process by which inmates can present a complaint. 28 C.F.R. § 542.10 et. seq. First, the inmate must present the complaint to a staff member at the facility where he is housed. 28 C.F.R. § 542.13(a). If this informal procedure does not resolve the issue, the inmate may file a formal written complaint with the warden at the local level. 28 C.F.R. § 542.13(b). The warden has twenty calender days in which to respond to the complaint. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, the inmate may appeal within twenty days of the response to the regional director. 28 C.F.R. § 542.15. The regional director has 30 days in which to respond to the appeal. If unsatisfied at the region level, then the inmate has 30 days from the date of the regional director's response to appeal to the general counsel. 28 C.F.R. § 542.15. The appeal to the general counsel is the final administrative appeal provided by the BOP.

[2] Trevino filed the objections in response to an earlier recommendation of the magistrate judge that was withdrawn and vacated (See D.E. 12, 13). However, the Court considers the objections herein.

A petitioner's motion for habeas corpus relief is properly considered under § 2241 when it appears that petitioner "is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence." United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1995); United States v. Gabor, 905 F.2d 76, 77-78 (5th Cir. 1990); United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1986). A motion to receive credits on a sentence is a motion challenging the manner in which a sentence is executed and must be brought under § 2241. Gabor, 905 F.2d at 78 (citing Soyka v. Alldredge, 481 F.2d 303, 304 (3d Cir. 1973) ("a motion for credit of time calls for the computation of the service of a legally rendered sentence and is not directed toward the sentence itself")).

Trevino is not attacking his underlying federal conviction, but is attempting to reduce his federal sentence through participation in a RDAP. Thus, his petition is challenging the manner in which his sentence is being executed, and it is properly maintained in a § 2241 proceeding.

**B.     The RDAP and Trevino's Claims.**

Section 3621(e)(2)(B), enacted by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994, provides that certain federal prisoners convicted of *nonviolent offenses* who remain in custody after completing treatment in a RDAP *may* receive a reduction in their sentences of up to one year. 18 U.S.C. § 3621(e)(2)(B). Section 3621 does not define "nonviolent offense." Rather, Congress left the specific contours of the program to the BOP's discretion:

> In effect, this subparagraph [§ 3621(e)(2)(B)] authorizes the Bureau of
> Prisons to shorten by up to one year the prison term of a prisoner who
> has successfully completed a treatment program, based *on criteria to
> be established by the Bureau of Prisons.*

H.R. Rep. 103-320, 103rd Cong., 1st Sess. (1993) (emphasis added).

Under current BOP regulations, the following categories of inmates are *not* eligible for early

3

release:

    (i)    INS detainees;

    (ii)    Pretrial detainees;

    (iii)    Contractual boarders (for example, D.C., State, or military inmates);

    (iv)    inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses;

    (v)    Inmates who are not eligible for participation in a community based program as determined by the Warden on the basis of his or her professional discretion;

    (vi)    Inmates whose current offense is a felony:

        (A)    That has an element, the actual, attempted, or threatened use of physical force against the person or property of another, or

        (B)    That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

        (C)    That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or

        (D)    That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58.

       Trevino argues that the BOP has illegally excluded him from eligibility for a RDAP, and consequently, a subsequent one-year sentence reduction, by enhancing his nonviolent drug offense conviction to a violent offense because a firearm was merely found at the crime scene. He argues there was no evidence that a firearm was used during his offense and he was not convicted of a violent

crime. (D.E. 1, at 1). He also states that he was denied consideration for eligibility for early release consideration because he is classified as an illegal alien. (D.E. 10, at 2).

**C.     Analysis.**

The Supreme Court has addressed the issue raised by Trevino and has upheld the BOP's power to categorically deny early release eligibility to inmates convicted of violent offenses. Lopez v. Davis, 531 U.S. 230, 238 (2001).

In Lopez, the Supreme Court addressed a split in the Courts of Appeals regarding the BOP's application of 18 U.S.C. § 3621(e)(2)(B), and categorical exclusion from early release prisoners "who possessed a firearm in connection with their offenses." Id. at 234. As noted above, the BOP also excludes from early release "'[i]nmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.'" Id. (citing 28 C.F.R. § 550.58(a) (1)(iv)). The Supreme Court explained that although "[d]rug traffickers who possess firearms when they engage in crimes are [not] characterized as 'violent' offenders ... they are bracketed, for sentence reduction purposes, with persons currently incarcerated for 'nonviolent offense[s]' who in the past committed crimes qualifying as violent." Id. at 236. It agreed with the BOP's assertion that:

> [The BOP's] denial of early release to all inmates who possessed a
> firearm in connection with their current offense rationally reflects the
> view that such inmates displayed a readiness to endanger another's
> life; accordingly, in the interest of public safety, they should not be
> released months in advance of completing their sentences.

Id. at 240. It further found that § 3621(e)(2)(B) operates as a grant of discretion to the BOP. Id.; see also Warren v. Miles, 230 F.3d 688, 693 (5th Cir. 2000) (Fifth Circuit has "recognized that section 3621(e)(2)(B) grants the BOP broad discretion to exclude from early release consideration prisoners

serving sentences ... that were enhanced for possession of a dangerous weapon.").

In Lopez, the Supreme Court framed the question as whether the BOP "filled the statutory gap [in 18 U.S.C. § 3621(e)(2)(B)] 'in a way that is reasonable in light of the legislature's revealed design.'" 531 U.S. at 242 (quoting Nations Bank of N.C., N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 257 (1995)). It stated that "'the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" Id. at 244 (quoting American Hospital Ass'n v. NLRB, 499 U.S. 606, 612 (1991)).

The Supreme Court held that the regulation was permissible and that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus *has the authority, but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." Id. at 241 (emphasis added). It also rejected the petitioner's argument "that the agency must not make categorical exclusions." Id. at 243. Finally, it determined that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb." Id. at 242. Lopez forecloses Trevino's argument that the BOP cannot create categorical exclusions based on firearm use.

Trevino also argues that he was denied the one-year sentence reduction because he is an illegal alien. (D.E. 10, at 2). The BOP's regulations state that "INS detainees" "are not eligible for early release." 28 C.F.R. § 550.58(a)(1)(i). The Fifth Circuit has noted that "INS detainees are not eligible for the sentence reduction." Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857, at *1 (5th Cir. Oct. 5, 2001) (per curiam) (unpublished).

Moreover, pursuant to 28 C.F.R. § 550.58(a)(1)(v), deportable aliens are not eligible for the RDAP because they cannot participate in a community-based program. Id.; see also Rublee v.

Fleming, 160 F.3d 213, 214-17 (5th Cir. 1998) (per curiam) (addressing 28 C.F.R. § 550.58(a)(1)(v)). Finally, the Court notes that the BOP's interpretation of its own regulations is entitled to deference. Chevron U.S.A. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-83 (1994) (even ambiguous language entitled to deference absent clear congressional intent to the contrary).

## IV. CONCLUSION

For the reasons stated above, Trevino's § 2241 petition for habeas corpus relief is dismissed for failure to state a claim. The Court need not address whether he has exhausted his administrated remedies.

ORDERED this 1st day of December, 2006.

_____
Janis Graham Jack
United States District Judge